

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **REYMOND MEADAA et al.** | CIVIL ACTION NO. 1:09-cv-01211 |
| -vs- | JUDGE DRELL |
| **K.A.P. ENTERPRISES LLC et al.** | MAGISTRATE JUDGE KIRK |

### R U L I N G

Pending before the Court is a motion for partial summary judgment on behalf of the Plaintiffs. For the following reasons, the plaintiffs' motion will be GRANTED. Disposition will follow by a separate judgment.

I. **Background**

This suit is a complaint for damages, seeking, *inter alia*, the return of investment moneys and other relief. The seven named plaintiffs in this case are a group of five investors and two limited liability companies. (Doc. 18).[1] Defendants Arun K. Karsan and Versha Patel Karsan ("Karsans") are medical colleagues of the plaintiffs, and are, according to the record, also real estate developers. In the fall of 2006, the Karsans approached the plaintiffs with a proposal to form a limited liability company, Defendant Sainath, L.L.C. ("Sainath"), which would own and operate the former Louisiana Hotel and Convention Center ("Convention Center").[2] Each

---

[1] As described more fully below, the plaintiffs' motion was originally styled as a motion for judgment on the pleadings. The Court subsequently converted the motion to one for summary judgment.

[2] The Convention Center had recently declared bankruptcy when the Karsans proposed forming Sainath.

membership unit in Sainath was priced at $125,000. The plaintiffs were persuaded by the Karsans' proposal, and agreed to purchase a total of twenty-eight membership units in the L.L.C.. The total purchase price for the membership units was $3.5 million. The plaintiffs subsequently paid that sum to the Karsans into an account in the name of "Sainath." In spite of the receipt of this payment, the Karsans never issued any membership units in Sainath to the plaintiffs.

The Karsans had previously purchased the Convention Center in the name of K.A.P. Enterprises, L.L.C. ("K.A.P."), a company which is wholly-owned by the Karsans. Despite the receipt of the $3.5 million from the plaintiffs, however, the Karsans never transferred ownership of the Convention Center from K.A.P. to Sainath. Thus, the initial object of the investment, Sainath's ownership and operation of the Convention Center, was never consummated, and the Convention Center, even now, remains the property of K.A.P. According to deposition testimony elicited from the Karsans, the plaintiffs' investment funds were used by the Karsans to renovate and pay the mortgage note on the Convention Center property, which remains totally in their control through K.A.P.

On September 15, 2009, the plaintiffs filed a motion for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. 18). The plaintiffs contended that, on the face of the pleadings, they were entitled to a judgment ordering the defendants to return the funds transferred to the Karsans for the twenty-eight membership units in Sainath. By hearing conducted on October 6, 2009, the Court observed that the motion could not be decided without consideration of further evidence beyond the

pleadings. As such, the Court denied the plaintiffs' motion as it was filed, but converted the motion to a Rule 56 motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).[3] (Doc. 31).

Discovery relative to the motion is now complete. To this point, the defendants have submitted no written opposition to the motion beyond their initial presentation before and during the hearing. Therefore, the Court is prepared to rule on the merits of the plaintiffs' motion.

II. **Law and Analysis**

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence . . . in a light most favorable to the party opposing the motion." King Realty Co., Inc. v. Chevron USA, Inc., 575 F.3d 510, 517 (5th Cir. 2009). Any doubts are likewise resolved in favor of the nonmoving party. U.S. ex rel. Longhi v. United States, 575 F.3d 458, 465 (5th Cir. 2009). Once the

---

[3] Fed. R. Civ. P. 12(d) provides that "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to . . . the court, the motion must be treated as one for summary judgment under Rule 56."

movant has directed the Court's attention to portions of the record which reflect an absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. United States v. $ 92,203.00 in U.S. Currency, 537 F.3d 504, 506-07 (5th Cir. 2008). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).

In this case, the plaintiffs' claim for the return of their investment funds has been proven. The evidence and exhibits before the Court, including deposition testimony given by the defendants, clearly establishes the plaintiffs' entitlement to the relief sought. Moreover, without written opposition or countervailing evidence from the defendants, the plaintiffs' claims remain essentially uncontested, warranting summary judgment in their favor.

The following facts are firmly established by the evidence presented to the Court. The Karsans obtained investment funds in the sum of $3.5 million from the plaintiffs. The purpose of these funds was to purchase membership units in Sainath, a company formed to own and operate the Convention Center. However, Sainath never acquired ownership of the Convention Center, and the Karsans never issued membership units in Sainath to the plaintiffs. To the contrary, the Convention Center is owned by K.A.P., and the plaintiffs' funds were diverted and used to improve the defendants' property. In short, the defendants have failed or refused to follow the most fundamental elements of the business relationship that they sought to form

with the plaintiffs, all to the plaintiffs' serious financial detriment. Accordingly, there are no genuine issues of material fact as to the plaintiffs' entitlement to the return of their investment funds, and the plaintiffs are entitled to judgment as a matter of law.

### III. Conclusion

For the foregoing reasons, the plaintiffs' motion for partial summary judgment (Doc. 18) will be **GRANTED**. The Court's decision will be designated as a final judgment in accordance with Fed. R. Civ. P. 54(b), as there is no just reason for delay in regard to return of the investment funds. Moreover, the remaining claims in this lawsuit will proceed normally. Those claims, according to the complaint, include, non-exclusively: (1) damages for lost tax benefits; (2) treble actual damages; (3) attorneys' fees, costs, and expenses; (4) any other right to relief through a derivative action under Fed. R. Civ. P. 23.1; (5) the right to a formal accounting under La. R.S. § 12:1319(b)(3); (6) taxable costs; and (7) all other legal or equitable relief to which the plaintiffs may be entitled, including the proper amounts of judicial interest, if any.

SIGNED on this ___ day of March, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE