RECEIVED
IN ALEXANDRIA, LA.
SEP 19 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

REYMOND MEADAA et. al.                    CIVIL ACTION NO. 1:09-cv-1211

-vs-                                                    JUDGE DRELL

K.A.P. ENTERPRISES LLC et al.                MAGISTRATE JUDGE KIRK

## RULING AND ORDER

Before the Court is a "Motion to Strike Affidavit of Kurt Oestriecher" (Doc. 124) filed by Dr. Reymond Meadaa, Dr. Harry Hawthorne, Dr. Jose Mathew, Dr. Dinesh Shaw, Dr. Navtej Rangi, Naja Holdings, L.L.C., and Hulenci, L.L.C. ("Plaintiffs"). For the reasons discussed herein, the motion is GRANTED.

I.    Procedural Background

The underlying facts of this case have been discussed at length in multiple rulings issued by this Court. On May 25, 2010, this Court granted Plaintiff's "Motion for Partial Summary Judgment" and ordered the Defendants to repay to Plaintiffs the sum of $3.5 million. (Doc. 82). This summary judgment was based on a finding that the Plaintiffs were entitled to a return of their investment funds, but the remaining issues presented by the Plaintiffs remained live. (Doc. 83). This judgment was subsequently withdrawn based on a dispute as to which defendant would be responsible for the repayment of the $3.5 million. (Doc. 104).

Subsequently, we issued an order (Doc. 104) directing the parties to submit briefs to the Court discussing their respective positions as to which defendants may or should be cast in judgment on the Plaintiffs' "Motion for Partial Summary

Judgment." (Doc. 18). Specifically, we requested that the parties address the following questions: (1) whether this Court's judgment may or should be levied against the Karsans individually, jointly, or in solido, for the refund mandated by the Court's judgment; and (2) if necessary, whether the Court may or should pierce the corporate veil of one or both of the organization Defendants. (Doc. 104).

Defendants timely filed their brief as directed by the order and attached the affidavit of Kurt Oestriecher, Certified Public Accountant ("CPA") as Exhibit 18. (Doc.123-1). In response, Plaintiffs filed this motion to strike. (Doc. 124). The disposition of this motion is now ripe.

II.   Law and Analysis

A. Standard for Affidavit under Fed. R. Civ. P. 56

Defendants submitted the affidavit of Kurt Oestricher ("the affidavit") (Doc. 123-1) in support of their argument opposing the partial summary judgment directing repayment of the $3.5 million. (Doc. 82). Accordingly, the affidavit must meet the requirements of Fed. R. Civ. P. 56(c)(4): it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[1] Although the affidavit purports to be on personal knowledge, we nonetheless find that the affidavit fails to meet the "personal knowledge" requirement.

---

[1] These three requirements were found in Fed. R. Civ. P. 56(e)(1) prior to the 2009 Amendment.

### B. Personal Knowledge Requirement of Fed. R. Civ. P. 56

The affidavit lacks the factual basis necessary for Mr. Oestriecher to reach a number of his conclusions. Although the affidavit states that it is made upon Mr. Oestriecher's "personal knowledge," a review of the statements clearly indicates that such statements are opinions unsupported by information actually known to Mr. Oestriecher. (Doc. 123-1). The Fifth Circuit has determined that "[a]ffidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." Amie v. El Paso Independent Sch. Dist., 253 Fed.Appx. 447, 451, 2007 WL 3316340, **3 (5th Cir. 2007) (citing El Deeb v. Univ. of Minn., 60 F.3d 423, 428 (8th Cir. 1995)). In Amie, the appellate court found a district court did not abuse its discretion in striking an affidavit presented by the plaintiff in opposition to a motion for summary judgment. Id. at 452. The Amie case concerned a discrimination claim against the school district, and the affidavit purported to assert that the actions by the school district violated their hiring practices. Id. at 451. However, the affidavit failed to identify the affiant's knowledge of those practices. Id.

Similarly, Mr. Oestriecher concludes "[t]hat the transactions of the SaiNath have not resulted in any direct advantage to the Karsans to the detriment of the Plaintiffs as members of SaiNaith." (Doc. 123-1, ¶ 10). However, Mr. Oestriecher only reviewed the tax returns, banks statements, general ledgers, etc. of K.A.P. Enterprises, L.L.C. and SaiNaith, L.L.C., but no mention is made of review of similar information of the Karsans or the plaintiffs. (Doc. 123-1, ¶ 2). Given Mr. Oestriecher's failure to investigate any financial or tax records of the Karsans individually, we are

3

unpersuaded that he has personal knowledge of the "separate and distinct" nature of their personal operations with those of SaiNath. (Doc. 123-1, ¶ ¶ 5, 6, 8, 10).  Finally, the conclusion in the third paragraph about SaiNath's operation of the Baymont Inn & Suites and Sai Convention Center lacks <u>any</u> assertion of facts to support the statement. The affidavit fails to provide the facts necessary to show that Mr. Oestriecher has personal knowledge of the numerous conclusions contained therein.[2]

III.     <u>Conclusion</u>

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' "Motion to Strike Affidavit of Kurt Oestriecher" is GRANTED.

SIGNED on this _19_ day of September, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

_____

[2] In their motion to strike, Plaintiffs allege additional arguments in support which we do not discuss since the motion is granted on the basis of the lack of personal knowledge requirement of Fed. R. Civ. P. 56.

4